IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIE PIERRE DESERNE | : | CIVIL ACTION |
|  | : | NO. 10-03694 |
| v. | : |  |
|  | : |  |
| MADALYN AND LEONARD | : |  |
| ABRAMSON CENTER FOR | : |  |
| JEWISH LIFE, INC. | : |  |
|  | : |  |

O'NEILL, J.                                                       November 17, 2010

## **MEMORANDUM**

Until 2009, plaintiff Marie Pierre Deserne was employed as a Certified Nursing Assistant by defendant Madlyn and Leonard Abramson Center for Jewish Life, Inc. Following her termination, she dual-filed charges of discrimination with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission. Plaintiff's PHRC charge included two counts, both premised on her alleged disability due to a facial disfigurement. Count I of the PHRC charge alleged harassment and Count II of the PHRC charge alleged wrongful suspension of employment. The PHRC charge contained no reference to plaintiff's race or national origin.

The PHRC and EEOC made no findings on plaintiff's charges, but issued right to sue letters, after which plaintiff filed the instant action, alleging: (i) tortious wrongful discharge; (ii) violation of the Civil Rights Act of 1866, 42 U.S.C. Section 1981(a)-(c), based on alleged disability discrimination; (iii) breach of Sections 5(a) and 9 of the Pennsylvania Human Relations Act, 43 P.S. § 951-963, also based on alleged disability discrimination; and (iv) breach of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et seq., again based on disability discrimination. Plaintiff characterizes herself as "a black female individual . . . born in the Country of Haiti and [

] otherwise an adult citizen and resident of the Commonwealth of Pennsylvania." Pl.'s Compl. at ¶ 3. She also alleges that in or about 2006, she "developed a facial disfigurement skin condition diagnosed as exogenous ochronisis . . . ." Pl.'s Compl. at ¶ 10.

Defendant now moves to dismiss Counts I and II of plaintiff's complaint. For the reasons that follow, I will grant defendant's motion to dismiss.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[1] Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that

---

[1] Defendant seeks to dismiss count I of plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that she has failed to exhaust her administrative remedies. "Defendants attempting to dismiss a claim for failure to exhaust administrative remedies should file a motion pursuant to rule 12(b)(6), failure to state a claim upon which relief can be granted." Richards v. Foulke Assocs., Inc., 151 F. Supp. 2d 610 (E.D. Pa. 2001), citing Laube v. Sec'y of the Air Force, No 99-1325, 1999 WL 305520, at *1 (E.D. Pa. May 12, 1999), see also Anjelino v. N.Y. Times Co., 200 F.3d 73, 87 (3d Cir. 1999) (holding exhaustion defense should be considered under Rule 12(b)(6), rather than rule 12(b)(1)); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (holding that district court should have evaluated motion to dismiss Title VII claims for failure to exhaust administrative remedies under Rule 12(b)(6) rather than Rule 12(b)(1)). Accordingly, I will consider defendant's entire motion under Rule 12(b)(6).

discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## DISCUSSION

### Count I: Tort of Wrongful Discharge

In Count I of her complaint, plaintiff appears to raise claims of discrimination based on

disability, race and/or national origin, alleging that "being born black and born a West African National from the Country of Haiti and treated badly by the [defendant], by and through its agents, servants and/or employees, at all material times hereto, constitutes both harassment and disability discrimination." Pl.'s Compl. at ¶ 35. To the extent that Count I – captioned as a claim for the "tort of wrongful discharge" – constitutes a common law claim for wrongful termination, plaintiff's claim is preempted by the PHRA. As the Pennsylvania Supreme Court recognized in Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 918 (Pa. 1989), the "PHRA provides a statutory remedy that precludes assertion of a common law tort action for wrongful discharge based upon discrimination." See also O'Neil v. Montgomery Cty. Cmty. Coll., No. 05-5169, 2006 WL 3718013, at *2 (E.D. Pa. Dec. 13, 2006). "[I]n order to assert a claim for wrongful discharge from employment which is cognizable under the Pennsylvania Human Relations Act, an aggrieved party must utilize administrative remedies available through the PHRC before asserting a cause of action in court." Clay, 559 A.2d at 918, citing Householder v. Kensington Mfg. Co., 520 A.2d 461 (Pa. 1987).

Endeavoring to circumvent defendant's preemption defense, in her response to defendant's motion to dismiss plaintiff appears to characterize the claims asserted in Count I as having been brought pursuant to the PHRA. Plaintiff attaches copies of her PHRC and EEOC "right to sue" letters and asserts that she "has the right to bring an action in state court [sic] for a judicial determination of her allegations of discrimination, pursuant to the [Pennsylvania Human Relations Act] . . . ." Pl.'s Resp. to Def.'s Mot. at 4. Even assuming arguendo that Count I asserts claims under the PHRA, rather than preempted claims for common law wrongful discharge, to the extent that it asserts claims for discrimination based on race and/or national

origin, it cannot withstand defendant's motion to dismiss.[2]

Plaintiff did not assert a claim for wrongful termination based on race and/or national origin to the PHRC and she cannot do so here for the first time. "Allowing a discharged employee to commence an action in the courts without first exhausting administrative remedies would be logically inconsistent with the legislature's having created the PHRC to function as an efficient mechanism for handling such disputes." Clay, 559 A.2d at 919. The "exhaustion requirement is designed to provide sufficient notice to the defendant concerning the charges and obtain voluntary compliance without resort to litigation." Fucci v. Graduate Hosp., 969 F. Supp. 310, 316 (E.D. Pa. 1997) (citation omitted). Plaintiff's PHRC charge, which alleged only that she had been discriminated against for her disability identified as "a facial disfigurement," did not put the agency on notice of potential discrimination based on race and/or national origin. See Def.'s Mot., Ex. B., at ¶¶ 12, 14, 22, 27.

The PHRC charge does not "make even a vague or oblique reference to racial [or national-origin] discrimination . . . ." Spindler v. Se. Pa. Transp. Ass'n, 47 Fed. App'x 92, 95 (3d Cir. 2002) (finding district court properly dismissed claims for failure to exhaust); see also Merriweather v. Phila. Fed'n of Teachers Health & Welfare Fund, No. 01-476, 2001 WL 695042, at *3-4 (E.D. Pa. June 19, 2001) (granting summary judgment as to race discrimination claim not filed with EEOC in conjunction with plaintiff's claim of age discrimination); Okokuro v. Pa. Dep't of Welfare, No. 00-2044, 2001 WL 185547, at *5 (E.D. Pa. Feb. 26, 2001) (granting

---

[2] It is true that plaintiff has a right to pursue her claim for wrongful termination based on disability in accordance with the PHRC and EEOC right-to-sue letters. Plaintiff presented her claim for wrongful termination based on disability to the PHRC and alleges a claim for wrongful discharge based on disability pursuant to the PHRA in Count III of her complaint. Defendant has not moved to dismiss Count III.

summary judgment on claims for retaliation and sexual orientation discrimination where plaintiff "failed to present the Court with any evidence that those events were part of any EEOC investigation into his charges"); Neibauer v. Phila. Coll. of Pharm. and Sci., No. 92-1993, 1992 WL 151321, at *2 (E.D. Pa. Jun. 19, 1992) (dismissing claims of religion and national origin discrimination not raised in EEOC charge where they did not arise out of new acts nor were they like or related to original charges). Only those acts alleged that are "fairly within the scope of [a] prior [administrative] complaint, or the investigation arising therefrom" are considered to have been exhausted. Anatol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (citation omitted). Plaintiff's claim for wrongful termination based on race and/or national origin discrimination is clearly outside of the scope of her prior administrative complaint and her "right to sue" letters cannot constitute evidence that she appropriately exhausted her administrative remedies with respect to such claim.

Accordingly, although she may pursue her claim for disability discrimination pursuant to the PHRA as set forth in Count III of her complaint, plaintiff's complaint does not properly assert a claim for race or national origin discrimination pursuant to the PHRA. Further, because plaintiff has remedies available pursuant to the PHRA, she does not have a common law claim for wrongful termination. I will dismiss Count I of plaintiff's complaint.

### Count II: Breach of Civil Rights Act

Count II purports to assert a claim for breach of the Civil Rights Act, 42 U.S.C. Section 1981(a), (b) and (c). In Count II – captioned "Disability Discrimination" – plaintiff alleges that her "protected class is disability – facial disfigurement and [plaintiff] was subjected to intentional discrimination solely because of her facial disfigurement – disability," pl.'s Compl. at ¶ 39, that

she "was suspended from employment . . . due to her facial disfigurement condition," id. at ¶ 43, and "that disability discrimination was a significant factor in [defendant's] decisions to suspend and ultimately fire [her]," id. at ¶ 48.

Contrary to plaintiff's contentions, Section 1981 does not provide for a cause of action premised upon disability discrimination. Singleton v. Mellon Fin. Corp., No. 02-1312, 2005 WL 2403722, at *4 n.1 (W.D. Pa. Sep. 29, 2005), citing Davies v. Polyscience, Inc., 126 F. Supp. 2d 391, 392-93 (E.D. Pa. 2001). Instead, Section 1981 provides redress for discrimination based on race, alienage, ancestry or ethnic characteristics. See Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987) ("Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics."). Accordingly, Count II of plaintiff's complaint can only survive defendant's motion to dismiss if it states a claim for discrimination based on her race, alienage, ancestry or ethnic characteristics. It does not.

Plaintiff repeats the allegation she first made in Count I that "being born black and born a West African National from the Country of Haiti and treated badly by the [defendant], by and through its agents, servants and/or employees, at all material times hereto, constitutes both harassment and disability discrimination [sic]." Pl.'s Compl. at ¶ 50. Aside from this allegation, the complaint includes no details relevant to a claim of discrimination based on race, alienage, ancestry or ethnic characteristics that would be sufficient to meet the requirements set forth in Twombly, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do"). See Truong v. Dart Container Corp., No.09-3348, 2010 WL 4237944, at *4 (E.D. Pa. Oct. 26, 2010) (dismissing plaintiffs' Section 1981 claim where plaintiffs "failed to allege any facts

from which a discriminatory animus on the part of the defendant might be inferred");
Mullholland v. Classic Mgmt. Inc., No. 09-2525, 2010 WL 2470834 (E.D. Pa. Jun. 14, 2010) (dismissing plaintiff's Section 1981 claim as insufficient under Twombly where her complaint contained "no factual allegations describing any racial discrimination against the plaintiff"); Wilkins v. Bozzuto & Assocs., Inc., No. 09-2581, 2009 WL 4756381, at *3 (E.D. Pa. Dec. 10, 2009) (dismissing plaintiff's Section 1981 claim where plaintiff did "not offer facts that suggest that he was treated differently in the performance of his employment contract than any individual of another race . . . ."). Instead, plaintiff's statements alleging harassment appear to refer to her alleged disability, and not her race and/or national origin. Plaintiff alleges that she was told "to stay home because of [her] ugly and repulsive face," Pl.'s Compl. at ¶ 23, that defendant's employees told her "that her face was not pretty and that the residents were complaining about [plaintiff's] disfigured face, id. at ¶ 25, and that defendant's residents "were complaining about [her] 'ugly face,'" id. at ¶ 42. Plaintiff fails to allege harassment based on her race or national origin and her allegations are "not sufficient to support a 'reasonable expectation' that evidence of racial animus would be revealed in discovery." Wilkins, 2010 WL 4756381, at *3. "Simply stating that one endured race discrimination without presenting allegations suggestive of such conduct does not meet our pleading standards." Funayama v. Nichia Am. Corp., No. 08-5599, 2009 WL 1437656 at *5 (E.D. Pa. May 21, 2009). Accordingly, I will dismiss Count II of plaintiff's complaint.

 An appropriate Order follows.