IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIE PIERRE DESERNE : CIVIL ACTION
: NO. 10-03694
v. :
:
MADLYN AND LEONARD :
ABRAMSON CENTER FOR :
JEWISH LIFE, INC. :
:

O'NEILL, J.                                                                                       February 16, 2011

## **MEMORANDUM**

As initially pled, Count II of plaintiff Marie Pierre Deserne's complaint alleged a claim against her former employer, defendant Madlyn and Leonard Abramson Center for Jewish Life, Inc., for breach of the Civil Rights Act, 42 U.S.C. § 1981(a), (b) and (c), for alleged discrimination based on disability. On November 17, 2010, I dismissed Count II without prejudice, finding that section 1981 does not provide a cause of action premised upon disability discrimination. On November 29, 2010, plaintiff amended Count II of her complaint and now asserts a section 1981 claim of discrimination based on her race, alienage, ancestry, and or/national origin.

In her amended Count II, plaintiff asserts that she "was subjected to intentional discrimination solely because of her protected class, alienage and ancestry being from the Island Nation of Haiti with ethnic black skin colored characteristics." Am. Compl. ¶ 39. To support her claim under section 1981 plaintiff's amended Count II sets forth examples of defendant's allegedly discriminatory conduct. She claims that defendant's employee "made repulsive faces repeatedly directed at plaintiff and stated: I'm going to get you and fire you." Id. ¶ 42(a). She alleges that she was denied an annual performance evaluation "together with other [unidentified]

co-employees within Plaintiffs' protected class based on race, alienage, ancestry and/or characteristics all of whom were black and from the Island nation of Haiti" and that she "would not receive any annual salary increments/increases by defendant, notwithstanding the fact that Caucasian co-employees were provided Performance Evaluations and did receive salary increments and increases . . . ." Id. ¶¶ 42(b), (d). She claims that along with other black Haitian employees she was "singled out" "for reprimands and accusations of poor performance, theft and the pretext of refusing assignments" and that no Caucasian employees were subject to similar reprimands or accusations. Id. ¶ 32(c). She asserts that she "was singled out for suspension from employment . . . based on her race alienage, ancestry and/or ethnic characteristics in that [she] was black and from the island nation of Haiti." Id. ¶ 43.

Defendant now moves to dismiss plaintiff's amended Count II, arguing that plaintiff's allegations, as amended, are insufficient to state a viable claim under section 1981. For the reasons that follow, I will grant defendant's motion to dismiss.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations

omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. When reviewing motions to dismiss in light of Twombly and Iqbal, "[f]irst, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950. "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

DISCUSSION

The allegations in plaintiff's amended Count II are not sufficient to withstand defendant's motion to dismiss. To state a claim under section 1981, plaintiff must show (1) that she belongs

to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in section 1981. Brown v. Phillip Morris Inc., 250 F.3d 789, 797 (3d Cir.2001); see also Croker v. Boeing Co., 662 F.2d 975, 988 (3d Cir.1991) (finding section 1981"is directed only at purposeful conduct"). Plaintiff's "conclusory allegations of generalized racial bias" are insufficient to establish the discriminatory intent required to state a prima facie case under section 1981. Flagg v. Control Data, 806 F.Supp. 1218, 1223 (E.D. Pa. 1992); see also Doe v. Sizewise Rentals, LLC, No.09-3409, 2010 WL 4861138, at *5 (D.N.J. Nov. 22, 2010) (dismissing section 1981 claims against defendants against whom plaintiff's amended complaint alleged only "conclusory statements and speculation of discrimination"); Blackston v. N.J. Transit Corp., No. 10-878, 2010 WL 4259603 at *6 (E.D. Pa. Oct. 27, 2010) (dismissing plaintiff's claim under section 1981 where his allegations of discriminatory intent "merely state[d] legal conclusions").

      Plaintiff asserts that she "was denied similar benefits, terms, conditions, or privileges of the at-will employment contractual relationship as others outside [of her] class, based on her race, alienage, ancestry or ethnic characteristics." Am. Compl. ¶ 49. She claims that she was "treated badly by the defendant" and that such treatment "constitutes both harassment and discrimination based on [her] race, alienage, ancestry and ethnic characteristics." Id. ¶ 50. Plaintiff also asserts that "her "race, alienage, ancestry and ethnic characteristics . . . was a significant factor in defendant's decisions to suspend and ultimately fire" her. Id. ¶ 48. These allegations "are wholly conclusory and do not allege any actual underlying factual matter" sufficient to give rise to a material question of fact as to whether defendant acted with the requisite discriminatory intent. Truong v. Dart Container Corp., No. 09-3348, 2010 WL

4237944, at *4 (E.D. Pa. Oct. 26, 2010) (dismissing plaintiffs' section 1981 claim where plaintiffs "failed to allege any facts from which a discriminatory animus on the part of the defendant might be inferred"). "Simply stating that one endured race discrimination without presenting allegations suggestive of such conduct does not meet our pleading standards." Funayama v. Nichia Am. Corp., No. 08-5599, 2009 WL 1437656 at *5 (E.D. Pa. May 21, 2009).

Plaintiff's cited examples of alleged "harassment" based on her "black race, alienage, ancestry and ethnic characteristics," Am. Compl. ¶ 42, likewise fail to "raise a reasonable expectation that discovery will reveal evidence of" defendant's intent to discriminate. Twombly, 550 U.S. at 556. Plaintiff's allegation that a supervisor made repulsive faces at her and threatened to fire her does not include any facts to suggest that the supervisor's actions were motivated by her race and/or national origin. Am. Compl. ¶ 42(a). Although she alleges that she and other unidentified black Haitian colleagues were denied performance evaluations and salary increases while unidentified Caucasian colleagues received performance evaluations and salary increases, she does not identify the race of the individuals who determined whether or not to grant performance evaluations or salary increases. Id. ¶ 42(b), (d). Further, while plaintiff alleges that she and other unidentified black Haitian colleagues were "singled out by defendant for reprimands and accusations of poor performance, theft and the pretext of refusing assignments to care for defendant's elderly residents," she does not allege that the alleged reprimands were without merit or deny that she refused to accept assignments. Id. ¶ 42(b). She also fails to identify the race of the individuals who made the alleged reprimands and accusations. None of plaintiff's allegations establish that defendant's actions constituted purposeful discrimination based on her race and/or national origin and they are "not sufficient to

support a 'reasonable expectation' that evidence of racial animus would be revealed in discovery." Wilkins v. Bozzuto & Assocs., Inc., No. 09-2581, 2009 WL 4756381, at *3 (E.D. Pa. Dec. 10, 2009) (dismissing plaintiff's section 1981 claim where plaintiff did "not offer facts that suggest that he was treated differently in the performance of his employment contract than any individual of another race . . . "); see also Tavarez v. Twp. of Egg Harbor, No. 09-6119, 2010 WL 2540094, at * 4 (D.N.J. June 16,2010) (plaintiff failed to state a claim under section 1981 where he alleged that he was passed over for promotions on account of his race but failed to offer facts to support the plausibility of his claim including the race or ethnicity of those who were promoted ahead of him); Golod v. Bank of Am. Corp., No. 08-746, 2009 WL 1605309, at *3-4 (D. Del. Jun. 4, 2009) (dismissing plaintiff's "broad and conclusory" allegations as "insufficient to demonstrate that she is entitled to discovery to prove her" section 1981 claim). Accordingly, I will dismiss plaintiff's amended Count II.

      An appropriate Order follows.